U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed May 2, 2007  **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DITRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Lynn Warren Renfro | § § | Chapter 7 |
| Debtor. | § | Case No. 06-44130-DML-7 |

### MEMORANDUM OPINION

On April 5, 2007, this court conducted a hearing (the "Hearing") on the "Motion of Lisa Farrar Dunn f/k/a Lisa Farrar for Relief from Automatic Stay" (the "Motion") filed by Lisa Farrar Dunn ("Dunn"). The court heard testimony from the Debtor (sometimes "Renfro") and oral arguments from counsel for Dunn, and John Dee Spicer, Chapter 7 Trustee (the "Trustee" and, with Dunn, the "Parties"), and received into evidence exhibits identified as necessary below. The court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). This memorandum opinion embodies the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 9014.

### Background

The material facts giving rise to this contested matter are undisputed. On December 4, 1997, Dunn obtained a Final Judgment (the "Judgment") against Renfro from the 153rd Judicial District Court of Tarrant County, Texas (the "State Court"). *See* Dunn's Exhibit 1. The amount

of the Judgment was $486,218.75. The Judgment was to bear post-judgment interest at the rate of 10% per annum or $135.06 per day until paid. Dunn obtained two writs of garnishment from the State Court in an effort to collect the Judgment. *See* Dunn's Exhibits 2 and 3. The first garnishment (the "Renfro Garnishment") was served on Renfro Foods, Inc. ("Renfro Foods") on July 5, 2006. *See* Dunn's Exhibit 4. The second garnishment (the "Frost Garnishment") was served on Frost National Bank on July 17, 2006. *See* Dunn's Exhibit 5.

On August 4, 2006, Renfro Foods filed an answer to the Renfro Foods Garnishment. In this answer, Renfro Foods pleaded that it had possession of a stock certificate reflecting Renfro's 17,116 shares of the common stock of Renfro Foods (the "Renfro Stock"). *See* Dunn's Exhibit 6. Subsequently, Renfro filed his chapter 7 petition on November 22, 2006 (the "Petition Date").

Dunn filed the Motion seeking relief to pursue collection of the property subject to the garnishment actions including, *inter alia*, the Renfro Stock.[1] At the Hearing, Renfro testified that his father gave the shares to Renfro as a gift and that he never physically possessed the stock certificate evidencing his ownership of the Renfro Stock, although he did receive quarterly dividends from the Renfro Stock.

## Legal Analysis

The Trustee objects to the Motion and relies on Tex. Bus. & Com. Code § 8.112(a) as support for his objection. This section provides:

> The interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy, except as otherwise provided in Subsection (d). However, a certificated security for which the certificate has been surrendered to the issuer may be reached by a creditor by legal process on the issuer.

---

[1] At the Hearing, the Trustee informed the court that he does not oppose the lift of the automatic stay with respect to the Frost Garnishment.

Research by the court has revealed no case law discussing section 8.112(a).[2] The Parties agree that the first sentence of section 8.112(a) does not help Dunn, as Dunn never seized the stock certificate. The Parties disagree, however, as to whether Dunn may prevail by reason of the second sentence of the statute. The evidence shows that Renfro never had physical possession of the Renfro Stock. Dunn argues that having never physically possessed the stock certificate is tantamount to a "surrender." The Trustee argues that "surrendered" stock is akin to treasury stock where the shareholder has relinquished his/her rights in the shares for other rights.

The court is not persuaded by Dunn's argument. Because Renfro never physically possessed the stock certificate, by definition, he could not have surrendered the stock certificate. Black's Law Dictionary defines surrender as

> 1. The act of yielding to another's power or control. 2. The giving up of a right or claim; RELEASE (1). 3. The return of an estate to the person who has a reversion or remainder, so as to merge the estate into a larger estate. 4. *Commercial law*. The delivery of an instrument so that the delivery releases the deliverer from all liability.

Black's Law Dictionary 1458 (7th ed. 1999). In each of the four definitions given, there is an affirmative act by the surrenderer, i.e. yielding, giving up, return, or delivery is required. In this case, Renfro never undertook any action that could be construed as a relinquishment of his rights to the Renfro Stock[3]. In fact, Renfro testified that he received quarterly dividends from the Renfro Stock. By the plain meaning of section 8.112(a), Dunn has no perfected security interest

---

[2] The Parties agree that there is no case law that substantively discusses section 8.112. The court has reviewed both the law of Texas and other jurisdictions that have adopted the Uniform Commercial Code and concurs.

[3] Nor is there any evidence even that Renfro sought and was refused possession of the Renfro Stock.

in the Renfro Stock, and this court will not vary the plain meaning of a statute[4] to reach a legislative intent hypothesized by a party.[5]

The court notes that neither party raised the applicability of section 8.112(e). This section provides:

> A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.

There were approximately 140 days between Dunn's service of the Renfro Foods Garnishment and the Petition Date. During that time, Dunn could have availed herself of the remedy provided in section 8.112(e) in the State Court and sought a mandatory injunction or other relief to reach the Renfro Stock. Dunn did not do so. Had she availed herself of section 8.112(e), she could have obtained possession of and perfected an interest in the Renfro Stock; but obtaining and serving a writ of garnishment does not by itself create a security interest in stock. C*f. In re Bensen*, 262 B.R. 371, 381-82 (Bankr. N.D. Tex. 2001). Because Dunn's garnishment did not perfect a lien on the Renfro Stock, it may be reached by the Trustee. 11 U.S.C. § 544(a) gives the Trustee the same powers Dunn might have exercised in aid of the Judgment. Thus the Trustee would be able to reach the Renfro Stock pursuant to section 8.112(e). Because the Trustee may assert rights to the Renfro Stock superior to Dunn's, the Motion should not be granted.

---

[4] *See Fetter v. Wells Fargo Bank Texas, N.A.*, 110 S.W.3d 683, 687 (Tex. App.—Houston [14 Dist.] 2003) (interpreting a Uniform Commercial Code section); *Neal v. SMC Corp.*, 99 S.W.3d 813, 815 (Tex. App.—Dallas 2003) (same).

[5] At the Hearing, counsel for Dunn argued that the purpose and intent of the second sentence of section 8.112(a) would allow Dunn to reach the Renfro Stock.

## Conclusion

The court concludes that Renfro did not "surrender" the Renfro Stock and that Dunn did not obtain possession of that stock. Because Tex. Bus. & Com. Code § 8.112(a) provides that a debtor's interest in a certificated stock may be reached only by actual seizure and because Dunn did not do so as of the Petition Date, the Motion must be and is hereby DENIED. The Trustee is directed to prepare and submit an order consistent with this memorandum opinion.

*** *End of Opinion* ***